# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Rembrandt Enterprises, Inc.,

                      Plaintiff,

v.

Illinois Union Insurance Company,

                      Defendant.

Civ. No. 15-2913 (RHK/HB)

**MEMORANDUM OPINION AND ORDER**

Harry N. Niska, Alain M. Baudry, Matthew R. Veenstra, Ross Orenstein & Baudry LLC, Minneapolis, Minnesota, for Plaintiff.

Stacy A. Broman, Meagher & Geer, PLLP, Minneapolis, Minnesota, for Defendant.

## INTRODUCTION

Plaintiff Rembrandt Enterprises, Inc. ("Rembrandt") is one of the nation's largest egg producers. Defendant Illinois Union Insurance Company ("Illinois Union") issued an insurance policy to Rembrandt to cover several of its farms and facilities (the "Policy"). In late 2014, the highly pathogenic avian influenza ("HPAI") virus, commonly called "bird flu," contaminated several of Rembrandt's facilities and caused the loss of millions of dollars in income. Rembrandt filed a claim with Illinois Union, which was denied. Rembrandt then commenced this action, alleging breach of the Policy. Now before the Court is Illinois Union's Motion to Dismiss or Transfer (Doc. No. 13). For the reasons that follow, its Motion will be denied.

## BACKGROUND

The following facts are recited as alleged in the Complaint. Rembrandt owns and contracts with numerous farms and facilities for egg production throughout the midwest. (Compl. ¶ 1.) Illinois Union issued the Policy to Rembrandt on November 1, 2014, to cover these farms and facilities. (Id. ¶ 5.) The Policy contains two clauses relevant to the instant motion: a forum-selection clause and a choice-of-law clause. The forum-selection clause states:

> It is agreed that in the event of the failure of the Insurer to pay any amount claimed to be due hereunder, the Insurer and the "insured" shall submit to the exclusive jurisdiction of the State of New York and shall comply with all requirements necessary to give such court jurisdiction. Nothing in this clause constitutes or should be understood to constitute a waiver of the Insurer's right to remove an action to a United States District Court.

(Compl. Ex. A at 16.) The choice-of-law clause states:

> All matters arising hereunder, including questions relating to the validity, interpretation, performance, and enforcement of this Policy, and the rights, duties and obligations hereunder, shall be determined in accordance with the law and practices of the State of New York.

(Id.) The Policy also contains sixteen endorsements, including a Service of Suit Endorsement (the "Endorsement"), which states:

> **THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.** . . . If the insured requests, the company will submit to the jurisdiction of any court of competent jurisdiction. The company will accept the final decision of that court or any Appellate Court in the event of an appeal. . . . NOTHING HEREIN CONTAINED SHALL BE HELD TO VARY, ALTER, WAIVE OR EXTEND ANY OF THE TERMS, CONDITIONS, OR LIMITATIONS OF THE POLICY TO WHICH THIS ENDORSEMENT IS ATTACHED OTHER THAN AS ABOVE STATED.

(Id. at 40.)

When the HPAI virus spread through the United States in late 2014 through early 2015, it contaminated six of Rembrandt's facilities (the "Affected Sites"), which had to be placed under quarantine. (Id. ¶ 12.) The quarantine forced Rembrandt to suspend egg production at the Affected Sites and undergo costly remediation before resuming egg production. (Id. ¶¶ 13, 14.)

As a result, Rembrandt filed a claim with Illinois Union under the Policy for reimbursement for losses at the Affected Sites. (Id. ¶ 15.) Illinois Union denied coverage, asserting that the HPAI virus is not covered under the Policy. (Id.) Rembrandt then sued for breach of the Policy.

Invoking the forum-selection and choice-of-law clauses here, Illinois Union argues that venue is improper in this Court and moves to dismiss without prejudice or transfer this action to the Southern District of New York.[1] (Def. Mem. at 11.) Rembrandt contends that the Endorsement amended the forum-selection clause, thereby allowing this action to be properly filed and litigated in this Court. (Pl. Mem. in Opp'n at 1.) Illinois Union's Motion to Dismiss or Transfer (Doc. No. 13) has been fully briefed, the Court heard arguments on September 9, 2015, and the Motion is ripe for disposition.

---

[1] Although Illinois Union alternatively frames its Motion as a Rule 12(b)(6) motion to dismiss, there is uncertainty among courts as to whether a defendant can use that rule to enforce a forum-selection clause. Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex., __ U.S. __, 134 S. Ct. 568, 579–80 (2013) (suggesting that motion to transfer under § 1404(a) or *forum non conveniens* is a better means to enforce a forum-selection clause, and declining to decide whether a Rule 12(b)(6) motion may also be appropriate). Because the Supreme Court strongly suggested that the enforcement of a forum-selection clause falls within the scope of § 1404(a), this Court analyzes Illinois Union's Motion under that statute.

**STANDARD OF DECISION**

Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  Courts should not freely grant transfer motions under § 1404(a), and a heavy burden rests on the movant to demonstrate why a motion to transfer should be granted.  Radisson Hotels Int'l, Inc. v. Westin Hotel Co., 931 F. Supp. 638, 641 (D. Minn. 1996) (Kyle, J.).

The typical § 1404(a) analysis changes when the parties' contract contains a valid forum-selection clause.  A clause that "represents the parties' agreement as to the most proper forum" should be given controlling weight absent "extraordinary circumstances unrelated to the convenience of the parties."  Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex., __ U.S. __, 134 S. Ct. 568, 581 (2013) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 31 (1988)).  When a forum-selection clause exists, the "plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed."  Atl. Marine, 134 S. Ct. at 581–82.

**ANALYSIS**

To meet its burden, Rembrandt highlights the Endorsement as its reasoning why this action should not be transferred.  (Pl. Resp. at 1; see Compl. Ex. A at 40.)  Thus, the issue before the Court is the interpretation of the relationship between these two provisions.

Federal courts sitting in diversity apply state substantive law to interpret insurance policies. U.S. Bank Nat'l Ass'n v. Indian Harbor Ins. Co., 68 F. Supp. 3d 1044, 1048 (D. Minn. 2014) (Magnuson, J.). Here, the choice-of-law clause mandates that New York law govern disputes under the Policy. (Compl. Ex. A at 16.) Thus, this Court must apply New York law to interpret this Policy.[2] Fed. Ins. Co. v. Int'l Bus. Mach. Corp., 965 N.E.2d 934, 936 (N.Y. 2012) (stating that New York courts apply general principles of contract law to interpret insurance policies). Under New York law, a court must "afford a fair meaning to all of the language employed by the parties in the contract and leave no provision without force and effect." Id. "An interpretation of a contract that has the effect of rendering at least one clause superfluous or meaningless . . . is not preferred and will be avoided if possible." Galli v. Metz, 973 F.2d 145, 149 (2d Cir. 1992).

The parties provide two possible interpretations of the interplay between the forum-selection clause and the Endorsement. Rembrandt's interpretation is that the Endorsement is meant as an amendment and thereby changes the Policy's general jurisdiction and venue terms. (Pl. Resp. at 1.) Illinois Union posits that the Endorsement merely conveys personal jurisdiction over it and has no impact on the forum-selection clause. (Def. Reply at 1.)

---

[2] The Policy's choice-of-law clause mandates that New York law apply to any disputes arising thereunder. (Compl. Ex. A at 16.) However, the Court perceives no material difference between Minnesota and New York law. See Midwest Family Mut. Ins. Co. v. Wolters, 831 N.W.2d 628, 636 (Minn. 2013); Morris v. Weiss, 414 N.W.2d 485, 487–88 (Minn. Ct. App. 1987).

It is undisputed that the Policy's forum-selection clause unambiguously mandates a New York court to resolve disputes under the Policy. The forum-selection clause provides that "the insurer and the insured shall submit to the exclusive jurisdiction of the State of New York and shall comply with all requirements necessary to give such court jurisdiction."[3] (Compl. Ex. A at 16.) However, the Endorsement, using similar language, reads "if the insured requests, the company will submit to the jurisdiction of any court of competent jurisdiction . . . and will accept the final decision of that court." (Id.) The Endorsement, when read in isolation, seems to conflict with the forum-selection clause because the nearly identical language used in both provisions leads to opposite results: one mandates New York as the exclusive jurisdiction, while the other states the company will submit to the jurisdiction of any competent court and accept its final decision.

But, each provision within the Policy must be given its plain meaning. Fed. Ins. Co., 965 N.E.2d at 936; Galli, 973 F.2d at 149. Reading the entire Endorsement, including its modifying language so as to not render any part of it superfluous, makes clear that the Endorsement changes the Policy. Id. The Endorsement begins by declaring, in bolded and capitalized letters: "**THIS ENDORSEMENT CHANGES THE**

---

[3] It is uncertain whether state or federal law applies to determine the enforceability of forum-selection clauses. Servewell Plumbing, LLC v. Fed. Ins. Co., 439 F.3d 786, 789 (8th Cir. 2006). Yet, both federal law and New York law find these clauses prima facie valid unless unjust or unreasonable. See M.B. Rests., Inc. v. CKE Rests., Inc., 183 F.3d 750, 752 (8th Cir. 1999); Bernstein v. Wysoki, 907 N.Y.S.2d 49, 54-55 (2010). As there have been no arguments put forth by either party that the provision is unreasonable or unjust, this Court assumes its validity.

**POLICY, PLEASE READ IT CAREFULLY.**"[4] (Compl. Ex. A at 16.) The Endorsement ends by stating: "NOTHING HEREIN CONTAINED SHALL BE HELD TO VARY, ALTER, WAIVE OR EXTEND ANY OF THE TERMS, CONDITIONS, OR LIMITATIONS OF THE POLICY TO WHICH THIS ENDORSEMENT IS ATTACHED OTHER THAN AS ABOVE STATED." (Id.) (emphasis added). Accordingly, this Court concludes that the plain meaning of this language is quite clear—the Endorsement changes the Policy with respect to the contents of the Endorsement, which indicates that the insured may choose any competent court in which to sue the insurer.

Recently, the court in Hazelwood Logistics Center LLC v. Illinois Union Ins. Co., No. 4:13-CV-2572 CAS, 2014 WL 805886, at *2 (E.D. Mo. Feb. 28, 2014), reached the same conclusion. It looked at the plain meaning of an identical service of suit endorsement and found that it supplanted an identical forum-selection clause. Id. (citing Union Elec. Co. v. AEGIS Energy Syndicate 1225, 713 F.3d 366, 368 (8th Cir. 2013)).

Thus, when the Endorsement is read together with the forum-selection clause in this action, the only unambiguous interpretation is that the Endorsement's language, when read in its entirety, amends the underlying Policy. Tri-Union Seafoods, LLC v. Starr Surplus Lines Ins. Co., __ F. Supp. 3d __, 2015 WL 728477, at *4–7 (S.D. Cal. Feb. 5, 2015); Hazelwood, 2014 WL 805886; see also Dinallo v. Dunav Ins. Co., 672 F. Supp.

---

[4] Illinois Union relies upon Dornoch Ltd. v. PBM Holdings, Inc., 666 F. Supp. 2d 366 (S.D.N.Y. 2009), to argue the Endorsement does not alter the Policy's forum-selection clause. (Def. Reply at 5.) But, Dornoch's service-of-suit clause contained no language purporting to overrule or modify the forum-selection clause. Id. at 370.

2d 368, 370 (S.D.N.Y. 2009) (stating a service of suit endorsement's plain language "makes clear that the policyholder shall enjoy the right to choose the forum in which any dispute will be heard") (quoting City of Rose City v. Nutmeg Ins. Co., 931 F.2d 13, 14–15 (5th Cir. 1991)).

For these reasons, Rembrandt has satisfied its burden of establishing that transfer is unwarranted. Reading the Policy as a whole and giving effect to all of its provisions' plain meaning, the Court concludes the Service of Suit Endorsement supplants the forum-selection clause and unambiguously permitted Rembrandt to file this action in this Court.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Illinois Union's Motion to Dismiss or Transfer (Doc. No. 13) is **DENIED**.

Dated: September 16, 2015         s/Richard H. Kyle
                                  RICHARD H. KYLE
                                  United States District Judge